[Civ. No. 1441.   Second Appellate District.—February 5, 1914.]

ANTONIO SILVEIRA COSTA, Respondent, v. DOMINGOS
SILVEIRA RAZA, Appellant.

APPEAL—ORDER REFUSING TO DISSOLVE ATTACHMENT—GROUNDS OF
MOTION NOT DISCLOSED BY RECORD.—An order denying a motion
to dissolve a writ of attachment will be affirmed on appeal, where
the grounds upon which the motion was made are not disclosed by
the record.  An appellate court cannot assume error in the rulings
of the trial court; error must affirmatively appear from the record,
otherwise the judgment will be affirmed.

APPEAL from an order of the Superior Court of Kings
County refusing to dissolve a writ of attachment.  M. L.
Short, Judge.

The facts are stated in the opinion of the court.

E. T. Cosper, for Appellant.

Miller & Miller, for Respondent.

SHAW, J.—Appeal from an order of court denying de-
fendant's motion to dissolve a writ of attachment issued in
the cause.

The grounds upon which the motion was made are not dis-
closed by the record; hence, it is impossible for the court to
say the trial judge erred in making the order from which
defendant appeals.  The only statement in reference thereto
is, "that on the 2d day of September, 1913, in pursuance
of due and legal notice duly given and served upon the plain-
tiff's attorneys, Miller & Miller, the defendant, through his
attorney, E. T. Cosper, moved the court to set aside and
dissolve the levy made under and by virtue of the attach-
ment issued out of said court in said matter."  The order
recites: "The motion of defendant to discharge the attach-
ment and the motion to set aside and dissolve the levy made
under and by virtue of said attachment, coming on for
further hearing at this time, and said motions having been
argued, . . . the court having sufficiently considered the law
in the premises, orders that said motions be and the same are
denied."

While the record contains certain affidavits read at the hearing of the motion, it is impossible, without knowing what the motion was, to say that the court erred in holding that the facts shown by the affidavits were insufficient to support the same. Since every intendment is in favor of the judgment of the trial court, we cannot assume error in its rulings; it must affirmatively appear from the record, otherwise the judgment will be affirmed.

The order is affirmed.

Conrey P. J., and James, J., concurred.